UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-304

**Caption [use short title]**

**Motion for:** Consolidation of appeals

Set forth below precise, complete statement of relief sought:

Appellants in Cases 23-258, 23-263, 23-304, & 23-346 move to consolidate their appeals.

Smith v. bin Laden

**MOVING PARTY:** Smith Creditors
**OPPOSING PARTY:** Federal Reserve Bank of New York

☑ Plaintiff ☐ Defendant
☐ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Dion G. Rassias
**OPPOSING ATTORNEY:** Katherine Landy

[name of attorney, with firm, address, phone number and e-mail]

The Beasley Firm, LLC, 1125 Walnut Street
Philadelphia, PA 19107
215.592.1000; dr1@beasleyfirm.com

Federal Reserve Bank of New York
33 Liberty Street, New York, NY 10045
212.720.5331; katherine.landy@ny.frb.org

**Court- Judge/ Agency appealed from:** SDNY (Daniels, J)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Dion G. Rassias   **Date:** 20 March 2023   **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| FIONA HAVLISH, *et al.*,<br><br>　　Plaintiffs-Appellants,<br><br>v.<br><br>FEDERAL RESERVE BANK OF NEW YORK,<br><br>　　Garnishee-Appellee,<br><br>SHEIKH USAMA BIN-LADEN, *et al.*,<br><br>　　Defendants. | On Appeal from the United States District Court for the Southern District of New York (Daniels, J.)<br><br>No. 23-258 |
| JOHN DOES 1 THROUGH 7,<br><br>　　Plaintiffs-Appellants,<br><br>v.<br><br>FEDERAL RESERVE BANK OF NEW YORK,<br><br>　　Garnishee-Appellee,<br><br>THE TALIBAN, *et al.*,<br><br>　　Defendants. | No. 23-263 |
| FEDERAL INSURANCE CO., *et al.*,<br><br>　　Plaintiffs-Appellants,<br><br>v.<br><br>AL QAIDA, *et al.*,<br><br>　　Defendants, | No. 23-346 |

1

| |
|---|
| FEDERAL RESERVE BANK OF NEW YORK, <br><br> Garnishee-Appellee. |
| RAYMOND ANTHONY SMITH, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ISLAMIC EMIRATE OF AFGHANISTAN, *et al.*, <br><br> Defendants-Appellees. |

No. 23-304

## MOTION TO CONSOLIDATE APPEALS

Pursuant to Rule 3(b)(2) and Rule 27(a)(1) of the Federal Rules of Appellate Procedure, the appellants in the four above-captioned cases hereby move to consolidate their appeals. Each of the appeals arises out of the same February 21, 2023 order entered by the Honorable George B. Daniels, which denied the appellants' motions to enforce terrorism judgments they hold against the Taliban. The four appeals will present identical legal and factual issues, and the appellants intend to coordinate briefing on the district court's errors. The grounds for this request are as follows.

### I. The *Havlish*, *Doe*, *Federal Insurance*, and *Smith* Appeals Should Be Consolidated

Appellants in the four above-captioned appeals (the "Joint Creditors") are victims of terrorism who hold judgments against the Taliban. *See Havlish, et al. v.*

2

*Bin Laden, et al.*, No. 03-cv-9848 (S.D.N.Y.), No. 23-258 (2d Cir.); *John Does 1 through 7 v. the Taliban, et al.*, No. 20-mc-740 (S.D.N.Y.), No. 23-263 (2d Cir.); *Federal Insurance Co., et al. v. Al Qaida, et al.*, No. 03-cv-6978 (S.D.N.Y.), No 23-346 (2d Cir.); *Smith, et al. v. Islamic Emirate of Afghanistan, et al.*, No. 01-cv-10132 (S.D.N.Y.), No. 23-304 (2d Cir.). Between March and May of 2022, each group of plaintiffs-appellants petitioned for a turnover of assets held by Da Afghanistan Bank ("DAB") at the Federal Reserve Bank of New York, asserting their entitlement to execute on DAB's assets in satisfaction of their judgments pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002 (TRIA). The Joint Creditors' motions were presented to Judge Daniels and Magistrate Judge Netburn in the September 11 multidistrict litigation, *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (S.D.N.Y.) ("MDL Dkt.").[1]

On August 26, 2022, Magistrate Judge Netburn issued a Report and Recommendation, which recommended that the four pending turnover motions be denied. *See* MDL Dkt. 8463 (the "Report"). The four groups of movants, acting together as the Joint Creditors, submitted a common set of objections to the Magistrate Judge's Report. *See* MDL Dkt. 8733. On February 21, 2023, Judge

---

[1] *See* MDL Dkt. 7763 (March 2022 motion of Fiona Havlish, et al.); MDL Dkt. 7767 (March 2022 motion of John Does 1 through 7); MDL Dkt. 7936 (April 2022 motion of Federal Insurance Co., et al.); *Smith v. Islamic Emirate of Afghanistan*, No. 01-CV-10132 (S.D.N.Y.), *Smith* Dkt. 62 (May 2022 motion of Estate of George E. Smith, et al.).

3

Daniels overruled the Joint Creditors' objections and adopted the Report in relevant part, thus terminating the four turnover proceedings. *See* MDL Dkt. 8866.

Each of the Joint Creditors filed a timely notice of appeal. In *Havlish v. Bin-Laden*, No. 23-258, Plaintiffs-Appellants Fiona Havlish, et al., moved for a stay pending appeal of the district court's February 21 Order. *See* No. 23-258, Dkt. 25. Appellants in the three other above-captioned cases "join[ed] in the . . . request for a stay," and the four groups of appellants noted their intent to move to consolidate the appeals. *Id.* at 5, n.1. Appellants in *John Does 1 through 7 v. the Taliban* also moved for a stay pending appeal, *see* No. 23-263, Dkt. 16, as did the appellants in *Smith v. Islamic Emirate of Afghanistan*, *see* No. 23-304, Dkt. 27.

Appellants in the four above-captioned appeals now request that their appeals be consolidated. *See* Fed. R. App. P. 3(b) ("When two or more parties are entitled to appeal from a district-court judgment or order," and "have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals."). Each group of plaintiffs asserted nearly identical legal positions in the district court, and for purposes of these appeals, each group is identically situated. The appeals challenge the same February 21, 2023 district court ruling. Each group of plaintiffs seeks to satisfy their judgments by garnishing the same assets of DAB held by the Federal Reserve Bank of New York. And each of the appeals will raise the same legal questions concerning (1) whether the district court had jurisdiction to

4

adjudicate the turnover motions; and (2) whether the district court can authorize execution without violating constitutional separation of powers. Consolidating these appeals for briefing and argument will therefore maximize judicial economy and streamline the Court's consideration of the issues on appeal. *See Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) (consolidating appeals that "ar[o]se from the same conjoined multiparty litigation in the District Court" where "consolidation would be both efficient and equitable for the disposition of the appeals."). Appellants presented joint briefing in the district court as the Joint Creditors, and are prepared to work together again before this Court.

## II. *Owens v. Taliban*, Appeal No. 23-354, Should Not Be Consolidated With The 9/11 MDL Appeals

The same principles counsel against consolidation of the four above-captioned cases with another recently docketed appeal, *Owens v. Taliban*, No. 23-354, which involves the same assets but arises out of a different district court order and will present wholly distinct legal questions.

In April 2022, after the *Havlish* and *Doe* plaintiffs began their turnover proceedings, the *Owens* plaintiffs—victims of the 1998 embassy bombings in Kenya and Tanzania—filed a complaint against the Taliban and sought a prejudgment writ of attachment on the DAB assets. *See Owens v. Taliban*, No. 22-cv-1949-VEC (S.D.N.Y.). Though they still do not have a judgment, the *Owens* plaintiffs are pursuing an interlocutory appeal from Judge Caproni's February 24, 2023 decision

5

vacating and declining to confirm their prejudgment writ of attachment under N.Y. C.P.L.R. § 6212. *See* No. 23-354 (2d Cir.).

The Joint Creditors do not seek to consolidate *Owens* because the *Owens* plaintiffs are not similarly situated to the Joint Creditors and the *Owens* appeal will present different legal questions than the 9/11 MDL appeals. Among other things, the *Owens* plaintiffs do not yet have judgments and are appealing from Judge Caproni's vacatur of a *prejudgment* writ of attachment. By contrast, the Joint Creditors hold enforceable judgments against the Taliban, and brought proceedings pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") and N.Y. C.P.L.R. §§ 5225 and 5227 for turnover of the DAB Assets. They are appealing from Judge Daniels' final decision denying turnover.

As a consequence of the different factual bases and procedural postures of their cases, the Joint Creditors and the *Owens* plaintiffs were unsuccessful in the district court for different and necessarily independent reasons.

In *Owens*, Judge Caproni denied confirmation of the prejudgment writ of attachment pursuant to Sections 1609 and 1611 of the Foreign Sovereign Immunities Act, which immunize foreign-state property (and, in particular, foreign central bank assets) from attachment and execution. *See Owens* Dist. Ct. Dkt. 82. The *Owens* appeal will thus primarily focus on Section 1611(b)(1) immunity. *See Owens* Dist. Ct. Dkt. 84; *see also* No. 23-354, Dkt. 14-3 (Addendum B to *Owens* Form C).

By contrast, execution and attachment immunity pursuant to Sections 1609 and 1611 are not at issue in the Joint Creditors' appeals because Section 201(a) of TRIA defeats the execution immunity of foreign central bank property, *see Bank Markazi v. Peterson*, 578 U.S. 212, 217, n.2 (2016), and as final judgment holders, the Joint Creditors are entitled to rely on that provision. Section 201(a) "applies broadly to 'every case in which a person has obtained a judgment,'" but it "confers no entitlement on victims who have not yet obtained judgments[,]" such as the *Owens* plaintiffs. *Smith ex rel. Est. of Smith v. Fed. Rsrv. Bank of New York*, 346 F.3d 264, 271 (2d Cir. 2003). Instead, the Joint Creditors' motions were denied by Judge Daniels on the basis of (1) Da Afghanistan Bank's perceived immunity from *jurisdiction* embodied in Section 1604 of the FSIA (not Sections 1609 or 1611) and (2) separation-of-powers concerns that the district court found precluded it from making the findings necessary to satisfy TRIA's text. These legal conclusions—which are incorrect, *see* No. 23-258, Dkt. 25 at 12-17—are entirely different from the conclusions reached by Judge Caproni under the distinct posture of *Owens*, which is not and cannot be a TRIA case because the *Owens* plaintiffs lack a judgment to enforce.

Accordingly, the Joint Creditors ask the Court to consolidate their appeals arising out of the 9/11 MDL, but not to consolidate *Owens*.

7

The Joint Creditors nonetheless appreciate that the Court may wish for the 9/11 MDL appeals and the *Owens* appeal to move forward on the same schedule and ultimately be heard by the same panel on the same date. *Cf. United States v. Mendez-Perez*, 607 F. App'x 39, 41, n.1 (2d Cir. 2015) ("These two appeals are not consolidated, but they were argued and submitted in tandem[.]"); *New Jersey Carpenters Health Fund v. Rali Series 2006-QO1 Tr.*, 477 F. App'x 809, 811 (2d Cir. 2012) (cases "argued together . . . but not formally consolidated"); *In re Joint E. & S. Dist. Asbestos Litig.*, 78 F.3d 764, 769 (2d Cir. 1996) (same). Although the Joint Creditors consider the appeals to raise sufficiently different legal questions such that consolidation is not warranted, they have no objection to the adoption of independent schedules for briefing and argument that would nevertheless allow the cases to be considered by the Court at the same time.

March 20, 2023

        Respectfully submitted.

        */s/ Lee Wolosky*
        Lee Wolosky
        JENNER & BLOCK LLP
        1155 Avenue of the Americas
        New York, NY 10036
        (212) 891-1628
        lwolosky@jenner.com

        Ian Heath Gershengorn
        Douglass A. Mitchell
        JENNER & BLOCK LLP
        1099 New York Avenue, NW, Ste. 900
        Washington, DC 20001
        (202) 639-6000
        igershengorn@jenner.com
        dmitchell@jenner.com

        Andrianna D. Kastanek
        JENNER & BLOCK LLP
        353 N. Clark Street
        Chicago, IL 60654
        (312) 840-7285
        akastanek@jenner.com

        *Counsel for the Havlish Creditors, Appellants in 23-258*

/s/ John Thornton
John Thornton
Orlando do Campo
do Campo & Thornton, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
jt@dandtlaw.com
od@dandtlaw.com

*Counsel for the Doe Creditors, Appellants in 23-263*

/s/ Sean P. Carter
Sean P. Carter, Esq.
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
(215) 665-2105
scarter1@cozen.com

*Counsel for the Federal Insurance Creditors, Appellants in 23-346*

/s/ Dion G. Rassias
Dion G. Rassias
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000

*Counsel for the Smith Creditors, Appellants in 23-304*

10

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1,540 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

I further certify that this document complies with Fed. R. App. P. 27(d)(1)(E), because it complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This document has been prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

/s/ Dion G. Rassias